UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LANCE RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-25-579-R |
| | ) |
| PROGRESSIVE NORTHERN | ) |
| INSURANCE COMPANY, and | ) |
| JIM MORRISON, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff Lance Rhodes' Motion to Remand [Doc. No. 7]. Defendant Progressive Northern Insurance Company responded [Doc. No. 12], to which Plaintiff replied [Doc. No. 14]. The matter is now at issue. For the reasons that follow, Plaintiff's Motion is GRANTED.

Plaintiff is an Oklahoma resident [Doc. No. 1-1, ¶ 1].[1] Defendant Morrison is an Oklahoma resident. *Id.* ¶ 3. Defendant Progressive is a Wisconsin company. *Id.* ¶ 2.

Plaintiff alleges that Defendant Morrison and a group of individuals labeled the "Morrison Gang" conspired against Plaintiff to annoy and harass him, as well as to harm his business interests. *Id.* ¶ 5. Among other things, Plaintiff claims the Morrison Gang's

---

[1] The Court must "'accept as true all well-pleaded factual allegations in the [Petition] and view them in the light most favorable to the plaintiff.'" *Cromar v. United States*, 816 F. App'x 235, 237 (10th Cir. 2020) (quoting *Garling v. U.S. E.P.A.*, 849 F.3d 1289, 1292 (10th Cir. 2017)). Moreover, "'all factual and legal issues must be resolved in favor of the plaintiff.'" *Jackson v. State Farm Fire & Cas. Co.*, 647 F.Supp.3d 1195, 1198 (W.D. Okla. 2022) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)).

misconduct includes causing "disabling damage to Plaintiff's trucks and farm equipment[.]" *Id*. He sued Defendant Morrison, seeking a declaratory judgment confirming both that his trucks were damaged and that the Morrison Gang caused the harm to the trucks, as well as an injunction to prevent Defendant Morrison "from continuing his campaign of harassment and tortious conduct directed at Plaintiff and his property and from encouraging others to do the same." *Id*. at p. 4.

Some of the trucks allegedly damaged by the Morrison Gang were insured by Defendant Progressive. *Id*. ¶ 7. Plaintiff filed a claim for the damage to the trucks, *id*., which Defendant Progressive denied for lack of cooperation with the investigation, *id*. ¶ 10. Plaintiff denies that he failed to cooperate with the investigation, *id*. ¶ 11, and contends that any "failure or inability to provide the requested information was due to the efforts of the Morrison Gang to conceal their sabotage of Plaintiff's trucks," *id*. Plaintiff sued Defendant Progressive, asserting claims for breach of contract and bad faith, seeking money damages. *Id*. at p. 4.

Plaintiff filed this suit against Defendant Morrison and Defendant Progressive in an Oklahoma state court. *Id*. Defendant Progressive removed the action to this Court despite a lack of complete diversity as required under 28 U.S.C. § 1332(a), asserting the doctrine of procedural misjoinder. Doc. No. 1. Plaintiff moved to remand, arguing that the Court should not adopt the doctrine of procedural misjoinder, and that even if it did, his claims against Defendant Morrison and Defendant Progressive are properly joined. Doc. No. 7.[2]

---

[2] Defendant Morrison also moved to remand the case, although the Court interprets this motion as an objection to removal [Doc. No. 10].

"'Federal courts are courts of limited jurisdiction.'" *Bd. of Cty. Commissioners of Boulder Cty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022) (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). "So 'there is a presumption against [federal] jurisdiction].'" *Id*. (quoting *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005)). "Thus, 'statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction.'" *Id*. (quoting *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)).

"'Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action.'" *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006)). The doctrine of procedural misjoinder has twice been presented to the Tenth Circuit. *See Lafalier*, 391 F. App'x at 739 and *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014). The Court neither adopted nor refused to adopt the doctrine either time. *Id*. With no binding authority on the subject, courts in this District take varying approaches to the doctrine. Some—including this Court—have applied the doctrine,[3] while others have declined to apply the doctrine altogether.[4]

---

[3] *Bunnell v. Okla. MH Props., LP*, No. CIV-12-372-R, 2012 WL 12863916, at *1 (W.D. Okla. May 11, 2012); *Boyd v. Blue Cross and Blue Shield of Okla.*, No. CIV-21-0690-HE, 2022 WL 19239784, at *2 (W.D. Okla. Jan. 5, 2022).

[4] *Emergency Servs. of Okla., PC v. United HealthCare Ins. Co.*, 650 F.Supp.3d 1211, 1225-26 (W.D. Okla. 2022); *Halliburton v. Johnson & Johnson*, 983 F.Supp.2d 1355, 1359 (W.D.

3

The Court does not have to decide whether to apply the doctrine, because like "[m]ost of the Oklahoma cases addressing procedural misjoinder…even if the doctrine applied, remand would still be appropriate under the circumstances." *Emergency Servs. of Okla., PC*, 650 F.Supp.3d at 1225 n.8 (collecting cases). Moreover, the Court need not determine whether state joinder rules or federal joinder rules govern the issue, because Plaintiff's joinder of Defendant Morrison is proper under both. *See Greer v. State Farm Fire & Cas. Co.*, No. CIV-19-378-PRW, 2019 WL 2578087, at *1 (W.D. Okla. June 24, 2019).

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, permissive joinder of defendants is proper if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[,] and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). The Oklahoma equivalent largely mirrors Rule 20(a)(2), but also permits joinder of defendants "if the claims are connected with the subject matter of the action." Okla. Stat. tit. 12, § 2020(A)(2)(a)-(c).

Here, Plaintiff's claims against both Defendant Morrison and Defendant Progressive are predicated at least in part on the Morrison Gang's vandalism of Plaintiff's trucks. Doc. No. 1-1, ¶¶ 7, 10. So both claims arise out of the same series of transactions and occurrences. *See* Fed. R. Civ. P. 20(a)(2)(A); Okla. Stat. tit. 12, § 2020(A)(2)(b).

---

Okla. 2013); *Nichols v. Medtronic, Inc.*, No. CIV-20-326-F, 2020 WL 3050770, at *4 (W.D. Okla. June 8, 2020), *Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *4 (W.D. Okla. June 2, 2023).

Additionally, Defendant Progressive's claim denial is based on Plaintiff's lack of cooperation with the claim investigation. Doc. No. 1-1, ¶ 10. But Plaintiff partially attributes any lack of cooperation to the Morrison Gang's efforts to sabotage his trucks. *Id*. ¶ 11. So because Plaintiff's defense to Defendant Progressive's denial of his claims is predicated on the same conduct giving rise to his suit against Defendant Morrison, the claims are not "wholly distinct" like the claims in *Bunnell*, 2012 WL 12863916, at *1, or completely unrelated as in *Boyd*, 2022 WL 19239784, at *2. Instead, the Morrison Gang's alleged interference with Plaintiff's cooperation with Defendant Progressive's investigation that led to the denial of his claim creates a common question of fact sufficient to satisfy both Rule 20(a)(2)(B) and Okla. Stat. tit. 12, § 2020(A)(2)(b).

Accordingly, because Plaintiff's claims against Defendant Morrison and Defendant Progressive are properly joined under either state or federal joinder rules, there is not complete diversity sufficient to provide this Court with subject matter jurisdiction over the action.

Plaintiff's Motion to Remand is therefore GRANTED.

IT IS SO ORDERED this 4th day of August, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE